■ CAROLYN MARCECA, Respondent, v ROBERT K. MARCECA, Appellant.—Order, Supreme Court, New York County (Carmen Ciparick, J.), entered January 18, 1990, which confirmed, *in toto,* the report of Special Referee B. William Rothberg, dated June 21, 1989, recommending that arrears of child support due plaintiff be fixed in the sum of $39,935.36 and that counsel fees be awarded in the sum of $7,500, and which directed the County Clerk, upon service of the order with Notice of Entry, to enter a money judgment in favor of the plaintiff for the aforementioned amounts, unanimously affirmed, without costs.

Order of the same court and same Justice, entered July 3, 1990, which granted plaintiff's motion to resettle the January 18, 1990 order to include an express direction that interest on the arrears at the statutory rate should be computed by the Clerk at the time the judgment for arrears is entered, unanimously affirmed, without costs.

Judgment of the same court and same Justice, entered August 2, 1990, in favor of the plaintiff in the amount of $62,759.98, representing $39,395.36 in child support arrears,

and $23,364.62 in interest, unanimously affirmed, without costs.

Plaintiff moved to enforce the parties' separation agreement, which was incorporated by reference but not merged into a divorce judgment, seeking child support arrears that allegedly accrued during the period from July 15, 1981 through March 15, 1986. We find, as did the IAS court in confirming the Special Referee's report, that Paragraph Ninth of the parties' separation agreement was void as against public policy in purporting to terminate certain of defendant's child support obligations where the plaintiff allowed "a man to whom she is not lawfully married to take up residence with her" (Schiffman v Schiffman, 79 AD2d 971, 972); that the defendant was not entitled to any of the offsets claimed for "school-related expenses" under Paragraph Eighth (d) of the agreement, other than an offset that is for payment of his daughter Kobi's private school tuition in the amount of $4,104.64, by reason of the defendant's failure to produce any notices of default for the claimed items as required by that paragraph (Stempler v Stempler, 143 AD2d 410, lv dismissed 74 NY2d 715); and that the defendant's failure to make child support payments directly to the plaintiff was, in fact, willful, thereby entitling the plaintiff to child support arrears, together with interest pursuant to Domestic Relations Law § 244 and counsel fees pursuant to Domestic Relations Law § 237 (c) and § 238 (Ardito v Ardito, 97 AD2d 830).

In unilaterally discontinuing the child support payments based upon the plaintiff's cohabitation, without first seeking a downward modification of his support obligations under the decree or showing good cause for his failure to seek judicial relief prior to the accrual of arrears, the plaintiff has improperly resorted to the form of "self-help" condemned by the courts, thereby entitling the plaintiff to the relief sought (Maloney v Maloney, 137 AD2d 666, lv denied 72 NY2d 808).

We have reviewed the defendant's remaining contentions, and find them to be without merit. Concur—Milonas, J. P., Ellerin, Ross and Rubin, JJ.