■ In the Matter of ROBIN W., Respondent, v ROBERT D., Appellant. [628 NYS2d 902] —Appeal unanimously dismissed

without costs. Memorandum: The appeal must be dismissed. An order of support of a Hearing Examiner is not appealable unless objections are filed and the order is reviewed by a Judge *(see,* Family Ct Act § 439 [e]; *Matter of Erie County Dept. of Social Servs. [Holmes] v Abdallah* [appeal No. 2], 187 AD2d 967).

Were we to reach the merits, we would affirm. There is no merit to the contention of respondent that petitioner failed to prove paternity by clear, convincing and satisfactory evidence that creates a genuine belief that respondent is the father of the child *(see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137, 141-142). Respondent argues that there was proof that petitioner had intercourse with other men during the critical time period and that the evidence is therefore insufficient as a matter of law to establish paternity *(see, Matter of Jane PP. v Paul QQ.,* 65 NY2d 994, 996). However, in such a situation an admissible HLA test can "elevate the evidence to meet the requisite standard of proof" *(Matter of Jane PP. v Paul QQ., supra,* at 996). An HLA test indicating a probability of paternity of 96.51% was admitted at the hearing. A DNA test indicating a probability of paternity of 99.80% was also admitted. Family Court properly concluded that the test results elevated the evidence to meet the requisite standard of proof. (Appeal from Order of Ontario County Family Court, Knox, H.E.— Support.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.