■ In the Matter of MICHELE E. BOUVIER, Respondent, v HENRY J. WHITBECK, Appellant. [641 NYS2d 422] —Mercure, J. Appeal from an order of the Family Court of Schoharie County (Lalor, J.), entered December 28, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for, *inter alia*, an upward modification of child support payments.

The parties were divorced in 1979. In the same year, Family Court awarded petitioner custody of the parties' daughter, René Whitbeck (born in 1973), and fixed respondent's support obligation at $40 per week. By order entered in February 1982, Family Court established support arrears at $1,240, which respondent was directed to satisfy at the rate of $40 per week, commencing on February 12, 1982. In the same order, respondent's current support obligation was continued at the rate of $40 per week while he satisfied the arrears, and was to increase to $50 for each week thereafter. In 1991, petitioner commenced the instant proceeding to fix and collect support arrears and for an upward modification of respondent's support obligation. Ultimately, Family Court established support arrears at $32,301.46 for the years 1982 through 1994, which respondent was ordered to pay at the rate of $400 per month, increased respondent's current support obligation to $382.56 per month and required respondent to provide health insurance for René until she attains the age of 21 years or is sooner emancipated. Respondent appeals.

Initially, we reject the contention that Family Court erred in requiring respondent to provide child support for the period from July 1987 through January 1991 in view of the fact that petitioner's secretive moves to other States deprived respondent of the ability to locate, contact or visit with René and because René was beyond respondent's control. As found by Family Court, respondent never sought or obtained an order of Family Court, or any other court of competent jurisdiction, modifying or suspending his support obligation and, fatal to his current defense, offered no reason for his failure to do so. Significantly, Domestic Relations Law § 244 and Family Court Act §§ 451 and 460 (1) mandate entry of judgment for arrears unless the defaulting party shows good cause for failing to make an application for relief from a judgment or order

directing the payment of support prior to the accrual of the arrears (*see, Marceca v Marceca,* 174 AD2d 505, 506; *Maloney v Maloney,* 137 AD2d 666, 668, *lv denied* 72 NY2d 808; *Moore v Moore,* 111 AD2d 375). In addition, respondent's defense of emancipation or abandonment (*see, Matter of Roe v Doe,* 29 NY2d 188, 192; *Matter of Knoll v Kilcher,* 100 AD2d 686), based on allegations of René's failure to attend school, to work or to perform what respondent viewed as any useful function, had no support in the record and was thus properly rejected by Family Court (*see, Radin v Radin,* 209 AD2d 396; *Matter of Villota v Zelenak,* 203 AD2d 370, 371).

There is merit, however, to the contention that Family Court miscalculated respondent's support arrears for 1982 and 1985. In 1982, respondent's current support obligation amounted to $40 per week for 31 weeks and $50 per week for 16 weeks, for a total of $2,040 which, when added to the established arrears of $1,240, brought about a total obligation of $3,280. At the fact-finding hearing, respondent produced canceled checks and other uncontroverted evidence establishing his payment of $3,160, leaving an arrearage of only $120 and not the $4,879.95 found by Family Court, mandating a reduction of $4,759.95. Similarly, the record establishes respondent's payment of $2,500 in 1985, leaving an arrearage of only $100, as opposed to the $999.92 found by Family Court, requiring a further reduction of $899.92.

Respondent's additional contentions have been considered and found unavailing.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reducing child support arrears for 1982 by $4,759.95 to $120 and child support arrears for 1985 by $899.92 to $100, and, as so modified, affirmed.