■ In the Matter of JOHN P. KALTWASSER, Respondent, v SANDRA J. KEARNS, Appellant. [653 NYS2d 147] —White, J. Appeal from an order of the Family Court of Saratoga County (Nolan, Jr., J.), entered September 20, 1995, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of petitioner's child support obligation.

This appeal involves petitioner's compliance with certain obligations imposed upon him by the parties' separation agreement dated October 29, 1982 that is incorporated, but not merged, in a decree of divorce entered January 7, 1983. The agreement, *inter alia*, obligates petitioner to pay $500 per month in child support for the parties' son, born in 1976, plus one half of the child's uninsured medical, educational and college expenses, as well as one half of the extraordinary repairs made to the marital residence. The agreement also contained an escalation clause with reference to petitioner's child support obligation.

Even though petitioner did not comply with this provision, matters proceeded uneventfully until November 18, 1994, when petitioner filed a petition requesting a downward modification of his child support obligation. Respondent, in turn, filed a cross petition on December 30, 1994 seeking enforcement of petitioner's child support obligations and counsel fees. Following an extensive evidentiary hearing, the Hearing Examiner dismissed petitioner's petition, found that petitioner was $10,337 in arrears and directed that he repay this amount by providing the next $20,753 of the child's college expenses. The Hearing Examiner then awarded respondent $1,650 in counsel fees, well below her $12,927 request. This appeal ensued after Family Court affirmed the Hearing Examiner's findings and denied respondent's objections.

Initially, we reject petitioner's argument that this appeal is untimely since it was filed within 30 days of the entry of Family Court's order (*see, Matter of Robin W. v Robert D.*, 216 AD2d 889, 890; *see also*, Family Ct Act § 439 [e]). We also reject respondent's claim that the Hearing Examiner's determination that her claim was interposed on December 30, 1994 and that her remedy is limited to the period between December 31, 1988 and December 31, 1994 was erroneous (*see*, CPLR 203 [d]; 213 [2]).

Respondent's first substantive contention is that the Hearing Examiner miscalculated the arrearages because he misinterpreted the agreement's provisions relating to the payment of the child's educational expenses and the costs of repairs made

to the marital residence. It is undisputed that plaintiff paid one half of these expenses until the spring of 1993. The first issue is whether his failure to pay $1,317 of educational expenses that accrued between May 1993 and April 1995 was in derogation of his obligations under the agreement. We agree with the Hearing Examiner that the expenses incurred with respect to the son's extracurricular soccer activities were not encompassed within the clause of the agreement requiring petitioner "to pay ONE-HALF ($1/2$) * * * to the education of the child of the parties, (any dues, payments, fees, assessments, text books, tuition charges, if required for said education)". The exclusion of these expenses reduces the claimed arrears to $589.[1]

In the agreement, the parties agreed to share equally the costs of any reasonable extraordinary repair made to the marital residence. The agreement defines "extraordinary repair" as "any single repair or any maintenance work on the premises costing more than One Hundred Dollars". As to the $4,378.27 in repair expenses incurred after the spring of 1993, we concur with the Hearing Examiner's determination that $3,822 of these expenses were not encompassed within the agreement[2] in light of respondent's failure to adduce sufficient evidence showing that the disallowed expenses were incurred for work done to preserve the residence from decline or to replace broken items. For these reasons, we calculate petitioner's arrearages under this provision to be $556 ($4,378  $3,822).

Petitioner also raised an issue with respect to medical expenses. The agreement required petitioner to provide health insur-

---

1.
    The allowed items are:

| | |
|---|---:|
| SUNY Albany | $ 80 |
| SAT Test Registration | 29 |
| SAT Rush Scores | 44 |
| East Carolina State | 35 |
| James Madison University | 25 |
| Old Dominion | 30 |
| Marist College | 30 |
| College Aid Planning | 150 |
| College Scholarship Service | 33 |
| Old Dominion | 17 |
| College Aid Planning | 65 |
| College Scholarship Service | 26 |
| SUNY ARC | 25 |
| TOTAL | $589 |
| ONE HALF OF TOTAL | $294 |

2.  See the Hearing Examiner's decision and order dated April 21, 1995, page 4, items l, m, n, o and p, which should read $859. (We have taken into account a $30 miscalculation in regard to item p.)

ance coverage for his son. However, because respondent's employer provided broader coverage at no cost, the parties elected to have their son covered under her policy. Beginning in 1992, respondent's employer required her to pay $130 annually for her son's coverage. Inasmuch as it was petitioner's responsibility to provide such coverage, the Hearing Examiner erred in failing to require petitioner to reimburse respondent the $390 she has expended for health insurance over the last three years, which when added to one half the unpaid medical expenses of $517 yields total medical arrears of $907.

On the question of counsel fees we agree with the Hearing Examiner that this case should have been primarily resolved by negotiation rather than litigation, and thus the $12,927 award requested by respondent is not justified. However, based upon our consideration of the relevant circumstances (*see*, *De-Cabrera v Cabrera-Rosete*, 70 NY2d 879, 881), we find the Hearing Examiner's award to be inadequate. Therefore, we shall increase the award to $3,500.

To recapitulate, petitioner's arrears have been increased to $17,373[3] and the award of counsel fees to $3,500. We further note that, in the absence of an explanation from petitioner for his failure to apply to the court for relief from his child support obligation prior to the accumulation of arrears, the Hearing Examiner was required to direct the entry of a judgment for the arrears plus costs and disbursements (*see*, *Matter of Bouvier v Whitbeck*, 226 AD2d 977, 978). We find that respondent is not entitled to prejudgment interest as we have determined that petitioner did not willfully neglect his child support obligation (*see*, Family Ct Act § 460 [1] [e]).

Cardona, P. J., Casey and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by increasing the amount of petitioner's arrears to $17,373 and the award of counsel fees due respondent to $3,500, and directing entry of a judgment in favor of respondent for $17,373 plus costs and disbursements, and, as so modified, affirmed.

---

3.
|  |  |
|---|---|
| The calculations resulting in this figure are: | |
| Basic support obligation | $ 9,552 |
| | (see Appendix) |
| Medical expenses plus insurance | 907 |
| College expenses (1/2 of $12,684) | 6,342 |
| Educational expenses (1/2 of $589) | 294 |
| Repairs (1/2 of $556) | 278 |
| Arrears | $17,373 |

BASIC CHILD SUPPORT ARREARS

| YEAR | CHILD SUPPORT INCLUDING ANNUAL INCREASE | UNINSURED MEDICAL EXPENSES (1/2) | EDUCATIONAL EXPENSES (1/2) | REPAIR/MAINTENANCE EXPENSES (1/2) | TOTAL DUE | TOTAL AMOUNT PAID TO SANDRA KEARNS | ARREARS |
|---|---|---|---|---|---|---|---|
| 1989-1990 | $8,700 | $61 | $828 | $110 | $9,699 | $8,150 | $1,549 |
| 1990-1991 | $8,400 | $245 | $1,036 | $419 | $10,099 | $8,704 | $1,396 |
| 1991 - 1992 | $9,000 | $249 | $434 | $6,061 | $15,743 | $9,650 | $6,093 |
| 1992 - 1993 | $7,800 | $395 | $609 | $118 | $8,922 | $8,775 | $148 |
| 1993 - 1994 | $9,300 | $148 | $184* | $0 | $9,632 | $8,900 | $732 |
| 1994-1995 | $9,300 | $0 | $0 | $0 | $0 | $9,366 | $366 |

$9,918
366
$9,552

*Includes $75 college expense