■ CAROLE BLUMENKRANTZ, as Executor of STEVEN J. BLUMENKRANTZ, Respondent, v EDWARD W. MAY, JR., et al., Appellants. [740 NYS2d 497] —Mugglin, J. Appeal from an order of the Supreme Court (Dowd, J.), entered July 30, 2001 in Otsego County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

On December 28, 1989, Steven J. Blumenkrantz (hereinafter decedent) and defendant Edward W. May, Jr. (hereinafter defendant) executed an agreement to create a joint venture, defendant Jay Wilson Realty, to "purchase, rehabilitate and operate a building located at 189 Main Street, [City of Oneonta, Otsego County] as rental property for profit." The agreement provided that defendant would "contribute the building with a cost of $200,000 plus architect's fee of $25,000" and that if a limited partnership was not created (which did not occur), decedent would pay defendant "$100,000 for 50% interest in the building." As relevant to this appeal, section five of the agreement addresses the disposition of proceeds of sale if the building is sold. After setting forth payment of expenses, mortgage balances, taxes and special assessments, paragraph (d) of said section provides for "$225,000 to [defendant] plus interest." Any net amount remaining would be divided equally. Also, as relevant to this appeal, section eight of the agreement provides that the death of either party terminates the agreement and the property is then to be sold and the proceeds distributed as in section five; however, if the surviving partner wishes to retain the property, a method of valuation using appraisers is to be employed to determine fair market value, which would then be paid by the surviving partner to the partnership and the proceeds disbursed as in section five.

The parties executed three addenda to this agreement. The first, dated July 2, 1990, amends section eight to require each partner to insure the life of the other in the amount of $250,000, and states: "On the death of [either partner] * * *, the amount of insurance in effect at that time shall represent the fair market value/appraisal value of the building and the proceeds from the policy shall be paid to the estate or other designate [sic] beneficiary in full satisfaction of any and all claims said estate would have to the ownership of the building."

The second addendum is dated January 11, 1993 and modifies the provisions in the event of death of a partner to require each to purchase an additional $370,000[1] of life insurance naming the other as owner and beneficiary of the policy. This document provides that the proceeds be used first to pay debts[2] and then requires the surviving partner to pay the estate one half of the fair market value of the property, which is specifically defined as "acquisition costs ($200,000.00) plus construction costs as listed on the partnership tax return for the most recent

---

1. It appears the parties actually each purchased an additional $470,000 of insurance.

2. The debts listed were partnership debts owed at that time.

year, plus any construction costs incurred up to the date of death, plus [20%]." Thereafter, this addendum provides for the adjustment of any inequities in either partner's capital or loan accounts and payment of the deceased partner's half interest by turning over the remainder of the insurance proceeds and, if any balance remains, by the surviving partner executing a note in favor of the deceased partner's estate, payable over a 10-year term.

The third addendum, also dated January 11, 1993, is addressed only to the original agreement's section five (d) and provides that this section "[s]hall be eliminated" and the following language put in its place: "After the payment of the above-expenses, any profit shall be divided 40 percent to [decedent] and 60 percent to [defendant], until the profit reaches $1,000,000.00. Any additional profit above the $1,000,000.00 shall be divided equally."

As a result of decedent's unexpected death on April 20, 1999, defendant received the total sum of $726,791.78 from the proceeds of the two life insurance policies on decedent's life. Plaintiff, the executor of decedent's estate, seeks money damages and equitable relief arising out of a dispute concerning the sum due and owing from defendant to decedent's estate which represents decedent's interest in the joint venture. Following joinder of issue, defendants moved for summary judgment dismissing the complaint and for judgment on two counterclaims asserting that the estate owes defendant approximately $82,781. Plaintiff cross-moved for partial summary judgment involving certain specific issues. Supreme Court denied defendants' motion for summary judgment in its entirety and partially granted plaintiff's cross motion by declaring that the third addendum has no application on the death of a partner, that the second addendum requires an equal division of the fair market value of the building after certain adjustments, that plaintiff does not owe defendant $225,000 under section five (d) of the original agreement since it was eliminated by the third addendum, and that reference to payment of debts from the insurance proceeds as set forth in the second addendum applies only to partnership debts, not the individual debt of a partner owed to the other partner or a member of the other partner's family.

Defendants appeal and we affirm. Initially, although defendants' notice of appeal purports to seek judicial review with respect to each adverse ruling made by Supreme Court, defendants only address in their brief the issues resolved in plaintiff's favor by Supreme Court. Thus, those issues not

raised in the brief have been abandoned (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692 n 1; *First Natl. Bank of Amenia v Mountain Food Enters.*, 159 AD2d 900, 901).

Our review of the documents at the heart of this appeal is governed by clear principles of law. "[I]t is well established that 'when the meaning of [a] * * * contract is plain and clear * * * [it is] entitled to [be] enforced according to its terms * * * [and] not to be subverted by straining to find an ambiguity which otherwise might not be thought to exist" (*Uribe v Merchants Bank of N.Y.*, 91 NY2d 336, 341, quoting *Loblaw, Inc. v Employers' Liab. Assur. Corp.*, 57 NY2d 872, 877). Also, when "[t]he intention of the parties is fully determinable from the language employed in the agreement * * * and there is no need to resort to evidence outside the written words to determine the intention of the parties" (*Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 461 [citation omitted]), a determination of the issue as a matter of law is proper (*see, Papa Gino's of Am. v Plaza at Latham Assoc.*, 170 AD2d 869). The application of these principles renders defendants' arguments totally meritless.

Despite defendants' assertion before Supreme Court that a close reading of the agreements allows the resolution of all issues, on this appeal they assert that the agreements do not make sense unless the provisions dealing with disposition of proceeds on sale are read as applying to the disposition of life insurance proceeds upon the death of a partner. On this basis, defendants assert that defendant is first entitled to be paid the sum of $225,000 pursuant to section five (d) of the original agreement. Clearly and unambiguously, the third addendum eliminates this provision and substitutes other language. Also, clearly and unambiguously, defendant is entitled to 60% of the net proceeds under $1 million only on the sale of the property as set forth in the third addendum. Equally unambiguously, the disposition of the life insurance proceeds is governed by the second addendum and that net distribution is equal between the partners.

Lastly, in resolving defendants' claim that personal debts of decedent were payable from the life insurance proceeds and not just partnership debts, we are guided by the principle that, in determining the intent of the parties, we use the " 'reasonable expectation and purpose of the ordinary business [person] when making an ordinary business contract' " (*Album Realty Corp. v American Home Assur. Co.*, 80 NY2d 1008, 1010, quoting *Bird v St. Paul Fire & Mar. Ins. Co.*, 224 NY 47, 51). Here,

the second addendum unambiguously requires that, on the death of a partner, the insurance proceeds be used first to pay debts. Immediately thereafter, the agreement lists the then present debt of the partnership. Defendants' claim is not only inconsistent with the language of the agreement, but is incompatible with what the ordinary business person would expect.

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

