■ Susan D. Parnes, Respondent, v Steven M. Parnes, Appellant. [837 NYS2d 777]—

Kane, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered March 29, 2006 in Albany County, which granted plaintiff's motion to hold defendant in contempt, and (2) from an order of said court, entered May 4, 2006 in Albany County, granting plaintiff counsel fees.

In 1998, the parties entered into a separation agreement that was later incorporated into their judgment of divorce. The agreement required defendant to pay maintenance to plaintiff in the amount, as relevant here, of $2,000 per month. That provision set forth circumstances by which the maintenance payments would terminate, including plaintiff's remarriage or "upon [plaintiff's] cohabitation with an unrelated male over the age of 21 for a period of greater than 30 days, wherein said male has no other physical address or where [plaintiff] has spent at least 20 of 30 nights in the same home or place of residence as said unrelated male." In April 2005, plaintiff and her fiancé purchased a condominium in Massachusetts as tenants in common. In July 2005, she moved into the condominium as her permanent residence. Her fiancé continued to reside in his home in Albany County, but regularly visited plaintiff on weekends and holidays. Plaintiff married her fiancé in November 2005.

Prior to plaintiff's remarriage, in July 2005, defendant ceased making maintenance payments. Plaintiff moved to hold defendant in contempt for his nonpayment, seeking $8,000 in maintenance arrears for the period from July to November 2005, at which point plaintiff concedes that her remarriage terminated defendant's maintenance obligation. Supreme Court determined, without a hearing, that defendant violated the separation agreement and judgment of divorce and held him in contempt. The

court awarded plaintiff the maintenance arrears and, in a later order, counsel fees. Defendant appeals from both orders.

Supreme Court should not have held defendant in contempt. Each of the statutes which plaintiff listed as a basis for her contempt motion require proof that less drastic means of enforcement have been, or would be, ineffectual (*see* Domestic Relations Law § 245 [referring to Domestic Relations Law §§ 243, 244 and CPLR 5241, 5242]; CPLR 5104 [referring to CPLR 5102 and article 52]; *see also DeMeo v DeMeo*, 281 AD2d 662, 663-664 [2001]; *Mastrantoni v Mastrantoni*, 242 AD2d 825, 826 [1997]). Plaintiff did not allege that any noncontempt enforcement method had been attempted or would not be effective. In fact, we ascertain from the record that execution of a money judgment for the maintenance arrears would presumably provide plaintiff with an adequate enforcement mechanism (*cf. Gadomski v Gadomski*, 256 AD2d 675, 678 [1998]). Thus, a contempt proceeding was not appropriate here.

Since defendant received adequate notice that plaintiff sought a judgment for the arrears, we will review the motion as a request for enforcement by execution of judgment under Domestic Relations Law § 244. Although that section implies that such a motion will be brought on by order to show cause because the statute refers to notice "as the court may direct" (Domestic Relations Law § 244), defendant's counsel stated, in a letter to plaintiff's counsel prior to service of the motion, that he would accept service on behalf of defendant. Under the circumstances, and considering that defendant does not contest that he received actual and timely notice, we find disingenuous defendant's claim that an order to show cause and personal service were necessary here.

Supreme Court properly held that defendant violated the separation agreement. A separation agreement that is incorporated, but not merged, into a judgment of divorce remains a separate contract subject to the rules of contract interpretation (*see Matter of Riley v Riley*, 29 AD3d 1146, 1147 [2006]; *Su v Su*, 268 AD2d 945, 946 [2000], *lv denied* 95 NY2d 752 [2000]). If the writing is clear and unambiguous, the court will determine, as a matter of law, the meaning of the contract from the language employed without consulting extrinsic evidence (*see Blumenkrantz v May*, 293 AD2d 850, 853 [2002]; *Fetner v Fetner*, 293 AD2d 645, 645-646 [2002]; *Hawkins Home Groups v Southern Energy Homes*, 276 AD2d 866, 867 [2000]). No hearing was required here, where the contract was unambiguous and defendant did not raise any factual issues (*see Snyder v Wilson*, 228 AD2d 819, 819 [1996]). The phrase to be interpreted

here is "where [plaintiff] has spent at least 20 of 30 nights in the same home or place of residence as said unrelated male," namely her fiancé. Despite the parties' insistence that the interpretation hinges on whether the Massachusetts condominium was the fiancé's "home or place of residence," we disagree. The issue boils down to whether plaintiff spent the requisite number of nights in the "*same* home or place of residence *as*" her fiancé (emphasis added), regardless of whose home or residence that may be. The provision addresses whether plaintiff stayed in the same place as an unrelated male for a certain number of nights. Because the facts show that during their engagement plaintiff did not stay together with her fiancé for 20 out of 30 nights either at his Albany County home or the condominium, defendant's maintenance obligation did not terminate until plaintiff's remarriage. Accordingly, plaintiff was entitled to a judgment of $8,000 for the maintenance arrears.

While the award of arrears was proper, prejudgment interest should not have been awarded. Under Domestic Relations Law § 244, a judgment shall provide for prejudgment interest where the default in payment was willful. Courts have held that a party's failure to comply with a prior judgment will not be considered willful where the party operated under a sincere, though mistaken, belief that payments were not required, especially when that belief was based upon advice from counsel (*see Davis-Taylor v Davis-Taylor*, 4 AD3d 726, 728 [2004]; *Allen v Allen*, 83 AD2d 708, 709 [1981]; *Matter of Department of Social Servs. of St. Lawrence County v Arquiette*, 74 AD2d 961, 962 [1980]). Although defendant refused to pay the maintenance which we have determined he owed, letters in the record between the parties and between their counsel show that defendant stopped making payments based upon his belief, supported by counsel's advice, that his maintenance obligation ceased based upon plaintiff's living arrangements. As his actions do not appear willful, but were based on a good-faith interpretation of the agreement, prejudgment interest was not authorized.

Counsel fees were properly awarded to plaintiff as the separation agreement entitled the prevailing party in any enforcement action to an award of such fees. Defendant waived his argument that a hearing was required on this issue. Counsel specifically stated in his affidavit in opposition to counsel fees that he was not requesting a hearing on the matter. Defendant was provided an opportunity to submit papers in opposition to the request and Supreme Court reduced the requested amount based in part upon arguments raised by defendant's submissions.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur.

Ordered that the order entered March 29, 2006 is modified, on the law, without costs, by reversing so much thereof as found defendant in contempt and as awarded prejudgment interest, and, as so modified, affirmed. Ordered that the order entered May 4, 2006 is affirmed, without costs.