Spain, J.
Cross appeals from an order of the Family Court of Rensselaer County (Griffin, J.), entered June 26, 2007, which, among other things, in two proceedings pursuant to Family Ct Act article 4, granted respondent’s motion for an award of child support in accordance with the Support Magistrate’s prior orders.
The parties have been divorced since 1981 and have one child together, a daughter born in 1978. In their separation agreement which was incorporated into the judgment of divorce, re *826 spondent (hereinafter the mother) was awarded sole custody and petitioner (hereinafter the father) agreed to pay child support and, if financially able to do so, pay his daughter’s college tuition while she pursued a four-year course of study toward a baccalaureate degree. The key issue on this appeal is the amount of the father’s liability for his daughter’s support and expenses while in college.
In 1999, after his daughter turned 21, the father commenced the first of these proceedings, seeking to modify the support provisions of the parties’ agreement. The mother cross-petitioned for enforcement and, after protracted litigation involving numerous hearings, decisions and orders, Family Court issued an order in June 2007 which is the basis of this appeal. In that order, the court, among other things, granted a motion by the mother setting specific amounts owed by the father in accordance with his liability established in previous orders. Specifically, Family Court reiterated its previous determinations that the father (1) owed $1,800 in child support arrears (decided in an order dated January 11, 1983), (2) was liable for the daughter’s tuition at Hudson Valley Community College (hereinafter HVCC) in the amount of $3,874 (decision and order dated May 6, 2004), (3) was liable to pay child support while his daughter attended college leading to a baccalaureate degree or the equivalent as long as she was less than 24 years of age (order of May 6, 2004), and (4) was obligated to pay for his daughter’s tuition expenses at Siena College (order of May 6, 2004). Family Court then fixed the father’s liability for the Siena College tuition and related charges at $13,920 per year and awarded interest at 9% per annum on each of the foregoing obligations. The father appeals and the mother cross-appeals from Family Court’s June 2007 order.
Turning first to the father’s arguments on appeal, we note that they are, in almost every instance, barred by his failure to pursue an appeal from one of Family Court’s aforementioned earlier orders. Indeed, the heart of the father’s arguments goes to his alleged inability to afford to contribute to his daughter’s higher education and continued need for support, yet his liability in that regard was resolved by a Support Magistrate in November 2000 and that decision was expressly affirmed by Family Court’s May 6, 2004 order. That May 6, 2004 order clearly advised the parties that any appeal from that order must be taken within 30 days (see Family Ct Act § 1113), and the father’s failure to pursue an appeal of that order precludes his attempt to raise those issues in the context of the current appeal (see Matter of Groesbeck v Groesbeck, 52 AD3d 903 [2008]; *827 Matter of Sales v Brozzo, 3 AD3d 807, 807-808 [2004], lv denied 2 NY3d 706 [2004]). Accordingly, we will not revisit the father’s liability or address other challenges related to Family Court’s May 6, 2004 order.[1]
The only remaining argument raised by the father is his objection to the interest imposed by Family Court on the monetary obligations established. Once a money judgment has been ordered and entered, interest accrues until the judgment has been paid (see Family Ct Act § 454 [1]; § 460 [1]; CPLR 5003). Further, prejudgment interest can be ordered only after a finding of a willful disregard of a lawful court support order (see Family Ct Act § 460 [1]; Matter of Kaltwasser v Kearns, 235 AD2d 738, 740 [1997]).
Here, despite the statutory mandate directing that a money judgment shall be ordered when any amount of child support arrears are established (see Family Ct Act § 454 [2] [a]; Matter of Kaltwasser v Kearns, 235 AD2d at 740), on this record it appears that no money judgment has been ordered or entered.[2] In addition, it does not appear that Family Court made any express finding of willfulness before imposing prejudgment interest. Although a conscious disregard of the father’s support obligation might have been sufficiently established with respect to some of *828 the obligations at issue, we find no record evidence that willfulness was ever alleged or determined. Absent such a determination, prejudgment interest was improperly imposed (see Matter of Kaltwasser v Kearns, 235 AD2d at 740).
Turning to the mother’s cross appeal, we are persuaded that some adjustments may be necessary to the monetary amounts fixed by Family Court in its June 2007 decision and order pertaining to the father’s obligation for tuition expenses between September 1999 and December 2001, and to the extent he might be liable for child support during the fall semester (the daughter’s ninth and final undergraduate semester) of 2001. Pursuant to a decision and order of Family Court dated May 25, 2004, which specifically called for submissions from the mother calculating child support and tuition arrears due in accordance with the court’s May 6, 2004 decision, the mother submitted bills indicating that the daughter attended five semesters at Siena College—as well as several summer courses at HVCC, Siena College and the University at Albany—to complete her baccalaureate degree. In addition, the bills submitted indicate that tuition expenses increased over the semesters attended, that certain apparently mandatory fees were assessed and that during each semester the daughter received tuition reductions through Siena College grants and the New York Tuition Assistance Program.
The mother’s submissions and the father’s affidavit in response are insufficient for us to determine whether the extra course work was necessary and, thus, whether it should be considered part of the four-year course of study that the father agreed to pay for in the parties’ separation agreement. We therefore remit the matter to Family Court to ascertain: (1) whether the father is liable for tuition expenses for the fifth semester of study at Siena College; (2) whether the father is liable for the expense of courses taken in the summers of 2000 and 2001; (3) what, if any, college fees the father is liable to pay in addition to tuition; (4) what reductions should be made to the father’s obligation to reflect grants and financial entitlements obtained; (5) whether the father is liable for child support payments between June 2001 and December 2001 by virtue of the fact that the daughter did not graduate until January 2002; and (6) what interest, if any, shall be applied to the final calculated amounts. Family Court shall then order that a money judgment be entered reflecting the total amount owed by the father (see Family Ct Act § 454 [2] [a]; § 460 [1]).
As a final matter, we agree with the mother that whatever amount Family Court establishes for tuition costs during the *829 daughter’s attendance at Siena College, that amount should not be reduced by the $3,874 previously awarded for tuition expenses. The $3,874 reflects the cost of the daughter’s four semesters of study at HVCC, an expense for which the father’s liability had previously been established.
Mercure, J.E, Carpinello, Malone Jr. and Stein, JJ, concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as fixed the award for the daughter’s college tuition expenses; matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. The father objects to Family Court’s consideration of submissions containing evidence that was not considered by the Support Magistrate in its 1999 and 2000 decisions. This challenge is best characterized as an untimely challenge to an order of Family Court dated May 25, 2005, which specifically directed the mother to submit proof of college expenses, especially since Family Court apparently did not consider that evidence in its June 2007 decision. However, in light of our decision herein to remit this matter for consideration of such submissions as well as any necessary further evidence (see infra), we note that no merit exists to the father’s argument that the proof in this matter was closed as of September 8, 1999. The daughter had, at that point, just commenced her studies at Siena College and, thus, consideration of proof of actual subsequent costs of her education is both appropriate and necessary. We also reject the father’s contention that Family Ct Act § 439 (e) precludes Family Court—when it has concluded that the findings of the Support Magistrate are insufficient to render a final determination—from considering evidence in the form of affidavits and other submissions without holding a hearing. Where the court is endeavoring to fix amounts due on liability already established, and submissions are made on notice and with opportunity to respond, we find nothing to preclude Family Court, where possible, from rendering a final order based upon submissions. On remittal here, it will be for the court to ascertain whether issues remain that require a hearing—be it before the Support Magistrate or the court—or whether the calculations can be made based on submissions by the parties.

. It is unclear from the record whether Family Court’s 1983 decision and order fixing $1,800 in support arrears was ever reduced to a money judgment (see Family Ct Act § 454 [2] [a]). If so, on remittal, Family Court should assess interest accordingly (see CPLR 5003).