Carpinello, J.
Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered August 30, 2007, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in violation of a prior order, and (2) from an order of said court, entered November 20, 2007, which granted petitioner’s application for counsel fees.
Pursuant to these divorced parties’ separation agreement, which was incorporated but not merged into their judgment of divorce, they agreed to a detailed framework for establishing *1019 respondent’s child support and maintenance obligations to petitioner. The parties’ goal under the agreement was to equalize their annual incomes, which are quite disparate, by providing petitioner with one half of their combined incomes. The precise amount of support to be paid in any given year was to be based on the parties’ incomes from the previous year. Thus, each year, respondent’s obligation was to be recalculated following the annual exchange of pertinent tax documents (by May 1 of each year).
Under the agreement, “income” is defined in a very specific manner. Numerous items were to be deducted from gross income to reach a final combined income figure. Once that combined figure was calculated, petitioner was entitled under their written agreement to one half of same with payments to achieve that result made in equal monthly installments. Pursuant to an oral arrangement between the parties, however, respondent only paid 80% of his monthly obligation directly to petitioner. The remaining 20% was deposited into a joint bank account. Ostensibly, these deposited funds were either to be released to petitioner in one lump sum once a year following the annual recalculation of respondent’s obligation or redistributed back to respondent if such recalculation resulted in a credit owed to him for overpayments.
Now at issue is a 2006 violation petition in which petitioner alleges that she is entitled to arrears for the years 2004 (based on 2003 income), 2005 (based on 2004 income) and 2006 (based on 2005 income). In essence, petitioner claims that she never received the full amount of support for these particular years because the funds in the joint account were never released to her. A hearing took place before a Support Magistrate wherein relevant financial documents were admitted into evidence. The parties each testified and respondent presented the testimony of the certified public accountant who he hired in 2006 to determine his obligations for 2004 and 2005.[1] Evidence at the hearing clearly established that, for 2004 and 2005, no look-back calculation was ever timely performed. Thus, no adjustments were made to respondent’s support obligation and the deposited funds remained in this account without distribution to either party.
Petitioner testified at the hearing that she asked respondent for the money in the joint account but he repeatedly refused to *1020 give it to her. Respondent candidly acknowledged at the hearing that he did not seek a recalculation of his obligation for 2004 and 2005 until 2006. Respondent also acknowledged that, upon receiving his accountant’s calculations outlining the amounts he owed petitioner from this account, he did not initially provide her with this information and then only gave her the “bottom line” figures without the substantive analysis.
In a posttrial submission to the Support Magistrate, petitioner revised her calculations of arrears based on evidence adduced at the hearing. In this submission, petitioner took issue with certain tax credits given to respondent by his accountant in calculating income. After applying what she deemed to be the appropriate tax credit to the financial figures, petitioner reduced her total claim for arrears to approximately $28,000. The Support Magistrate dismissed the petition on the ground that petitioner failed to establish that respondent violated the judgment of divorce and also awarded respondent expert and counsel fees.
Upon the filing of objections by petitioner, Family Court granted the objections, found that respondent violated the judgment of divorce because, even though he deposited funds into the joint account, petitioner could not access them and she never timely received her full share of support. The court initially calculated arrears in the amount of $27,648. Respondent sought reargument. Upon reargument, Family Court affirmed the underpinnings of its prior decision, corrected certain typographical errors, recalculated arrears at $32,698 and awarded petitioner prejudgment interest pursuant to CPLR 5001.[2] In a later order, the court awarded counsel fees to petitioner. Respondent now appeals from both orders.
The separation agreement clearly evinces the parties’ intent to provide petitioner with one half of their combined annual income with payments fluctuating on an annual basis following a “look-back” process (see e.g. Matter of Heinlein v Kuzemka, 49 AD3d 996, 997 [2008]). We are satisfied that petitioner presented prima facie evidence that respondent violated the judgment of divorce with proof that she never timely received the full amount due for support during the years in question. While she received partial payments, her requests for the money on deposit in the joint account were denied. Notably, it was established that she could not access these funds without *1021 respondent’s authorization. Respondent acknowledged that he deposited a portion of his support obligation into this joint account but that he would not authorize withdrawal of the funds to petitioner without performing the look-back process. He never, however, hired an accountant to do so until 2006. He further admitted that, in 2006, he only provided petitioner with his accountant’s “bottom line” calculations when attempting to tender payment. Petitioner, appropriately in our view, rejected this somewhat hollow effort to “settle” the matter. Under these circumstances, Family Court appropriately found respondent to be in arrears (see e.g. Parnes v Parnes, 41 AD3d 934, 936-937 [2007]; Matter of Kurzon v Kurzon, 246 AD2d 693, 694-695 [1998]). Nor do we find any error in the court’s adjustment of certain of respondent’s income figures when calculating arrears.
Next, Family Court gave respondent “the benefit of the doubt” when it came to the issue of willfulness. Upon consideration of numerous factors, the court specifically found that his willfulness was not established by the requisite “clear and convincing evidence.” We are unable to disagree with this assessment. This being the case, we conclude that an award of prejudgment interest was not appropriate (see Parnes v Parnes, 41 AD3d at 937; Matter of Kaltwasser v Kearns, 235 AD2d 738, 740 [1997]). Counsel fees, however, were appropriate as the separation agreement expressly entitles a prevailing party in an enforcement proceeding to an award of such fees (see Parnes v Parnes, 41 AD3d at 937), without regard to the willfulness of the defaulting party or the means of the nondefaulting party.
All remaining contentions have been considered and rejected.
Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order entered August 30, 2007 is modified, on the law, without costs, by reversing so much thereof as ordered arrears for 2003 and as awarded prejudgment interest, and, as so modified, affirmed. Ordered that the order entered November 20, 2007 is affirmed, without costs.

. While the parties jointly hired this particular certified public accountant in 2001 “to look at the tax ramifications of [their] situation” (i.e., splitting their parental income under the separation agreement), it was respondent alone who thereafter retained the accountant in 2006.

. It was at this time that Family Court found a $6,742 deficiency for 2003 and included this figure in its total award for arrears. This was in error because this year was never at issue. Accordingly, the order must be reduced by this sum.