(May 27, 1993)

■ JOHN HEMINGWAY et al., Respondents, v HEMINGWAY FOUNDATION et al., Appellants. [598 NYS2d 221] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered July 9, 1992, which, *inter alia,* granted the plaintiffs' motion for summary judgment, denied the cross-motion by the Hemingway Foundation ("the Foundation") for summary judgment, declared that the sole and exclusive beneficiaries and remaindermen of the Mary Hemingway Trust, dated June 1, 1972 ("the Trust") are plaintiffs John, Patrick and Gregory Hemingway, and which declared that the purported Amendment to the Trust, dated February 15, 1979 ("the Amendment"), is of no force and effect, unanimously affirmed, with costs.

The IAS Court, *inter alia,* properly determined that the plaintiffs, the sons of the late author Ernest Hemingway, were the sole beneficiaries entitled to the funds of the Trust, and

that the purported Amendment thereto, as executed, was void because it did not comply with the unambiguous terms of the Trust itself, which clearly and unequivocally prohibited any purported modification of the Trust terms within a ten year period after June 1, 1972, and because the purported Amendment was also not in compliance with the statutory requisites of EPTL 7-1.9, which required the written consent of the beneficiaries prior to the revocation or modification of a trust by the grantor *(Matter of Gilbert,* 39 NY2d 663, 667-668).

Although the purported 1979 Amendment clearly conflicts with the terms of the 1972 Trust prohibition against revocation or modification for ten years and was not consented to by the named beneficiaries, such fact does not render the 1972 Trust ambiguous or unclear, since it is a fundamental principle of will and trust construction that where the document in question, the Trust, as here, is clear, it must be enforced as written, without reference to parol evidence with respect to the original intent of the grantor *(Union Trust Co. v Boardman,* 215 App Div 73, 78-79, *affd* 246 NY 627). Thus, the conflict between the 1979 Amendment and 1972 Trust does not create an ambiguity in the Trust, but rather merely renders the 1979 purported Amendment void *(Matter of Woodward,* 284 App Div 459, 462; *Matter of Harmon,* 5 Misc 2d 308).

We have reviewed the Foundation's remaining claims and find them to be without merit. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Nardelli, JJ.