(May 14, 2002)

■ EXECUTIVE OFFICE NETWORK, LTD., Respondent, v 666 FIFTH AVENUE LIMITED PARTNERSHIP, Appellant. [742 NYS2d 36] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered March 21, 2001, which awarded plaintiff $577,968.96, bringing up for review an order, same court and Justice, entered March 8, 2001, which, to the extent appealed from as limited by the brief, granted plaintiff tenant's motion for summary judgment on its first cause of action and denied, as moot, defendant's cross motion seeking summary judgment dismissing the complaint and, in the alternative, an order compelling discovery and sanctions, unanimously reversed, on the law, without costs, the judgment vacated, and plaintiff's motion denied, without prejudice to further relief with respect to discovery. Appeal from the order entered March 8, 2001,

unanimously dismissed, without costs, as superseded by the appeal from the judgment. Appeal from order, same court and Justice, entered July 23, 2001, which denied defendant's motion to reargue, unanimously dismissed, without costs, as nonappealable.

At issue on this appeal is the treatment to be accorded a lease provision for the incorporation of the tenant's share of operating expenses into the rent adjustment provision. Specifically, the parties dispute whether the tenant is entitled to a reduction in rent due to a decline in operating expenses since the rent was previously calculated for the prior lease term. In large measure, the problem stems from the failure of the lease to distinguish base rent (fixed rent) from additional rent. In addition, although the rent adjustment provision speaks of both increases and decreases in expenses and, commensurately, in fixed rent, the lease as a whole seems to have been drafted from the expectation that such expenses would only increase. The result is a document that is hopelessly ambiguous on the question of the tenant's right to participate in operating cost reductions.

As the result of reductions in applicable taxes, operating expenses for the premises dropped below the base operating expenses, determined by their 1993 levels under plaintiff's lease. Article 27 of the lease, anomalously entitled "ESCALATION," states that if operating expenses for a given year are "greater or less than the Base Operating Expenses, then the Fixed Rent for such Operating Year * * * and thereafter * * * shall be increased or decreased, as the case may be, by Tenant's share of such increase or decrease." Plaintiff points to some 16 such references to a decrease in rent that are contained in this article, most significantly: "B. (1) If the Taxes payable for any Tax Year * * * shall represent an increase above or decrease below the Base Taxes then the Fixed Rent for such Tax Year * * * and thereafter * * * shall be increased or decreased, as the case may be, by Tenants' Share of such increase or decrease."

For its part, defendant points to the definition of "Fixed Rent" contained in paragraph 23 of the lease definitions, as "the rent set forth in Section A of Article 1 hereof, subject to increase pursuant to Article 27 hereof." Defendant also relies on the language contained in article 27 (C) (7) that, contrary to the language cited by plaintiff, provides: "Any increase or decrease in the Fixed Rent by reason of an increase or decrease in Taxes or Operating Expenses shall be computed separately and not treated as a net increase or decrease in Fixed Rent."

While each party's interpretation finds support in various lease provisions, they simply cannot be harmonized. Thus, the agreement is ambiguous, and extrinsic evidence should have been considered in order to establish its meaning.

The record before us is insufficient to permit resolution of the parties' intent. Industry custom affords no assistance where it is unclear whether the intention was to follow it or to depart from it. The custom of providing for base rent and, separately, for additional rent has already been noted. Finally, the respective affidavits concerning lease negotiations are cursory and serve only to raise questions of fact. Concur—Williams, P.J., Tom, Saxe, Rubin and Friedman, JJ.