CITIBANK, N.A., Appellant, v 666 FIFTH AVENUE LIMITED PARTNERSHIP, Respondent. [769 NYS2d 268]—

Judgment, Supreme Court, New York County (Edward Lehner, J.), entered December 4, 2002, after a nonjury trial, dismissing the complaint in this breach of contract action, unanimously affirmed, with costs.

The lease provisions at issue, respecting the effect of real estate tax decreases on the rent paid by plaintiff lessee to defendant landlord, were properly found ambiguous (see Executive Off. Network v 666 Fifth Ave. Ltd. Partnership, 294 AD2d 166 [2002]). The ambiguities are not, however, to be construed against defendant by reason of its having drafted the initial version of the leases, since the lease agreements ultimately entered into resulted from extensive negotiations in which both parties, each a commercially sophisticated entity, were represented by counsel, and plaintiff failed to show that it "had no voice in the selection of [the leases'] language" (67 Wall St. Co. v Franklin Natl. Bank, 37 NY2d 245, 249 [1975]).

The evidence, fairly interpreted (see Ventricelli v DeGennaro, 221 AD2d 231, 232 [1995], lv denied 87 NY2d 808 [1996]), permitted the trial court to conclude that the term "decrease" in article 27 (B) (1) of the leases referred to a decrease in an escalation above the original fixed rent and, accordingly, that the leases did not contemplate a reduction in the original fixed rent. This reading was consistent with article 27 (C) (5) of the leases, the evidence of the relevant custom in the real estate industry, and the testimony of the main negotiator for defendant. We reject plaintiff's contentions that the trial court's interpretation failed to give effect to the words "increase or decrease" and improperly rewrote the parties' contract.

We also reject plaintiff's argument that its behavior after the execution of the leases was insufficiently uniform and knowing

to constitute a course of conduct. The evidence established that, well before 1999, plaintiff was aware that the real estate taxes on the building had decreased below Base Taxes (i.e., the real estate taxes for 1990-1991); nevertheless, plaintiff did not claim that its rent should be reduced below the original Fixed Rent because of the tax decrease. In view of the ambiguity of the governing lease provisions particularly, the trial court appropriately relied on the parties' course of conduct to determine their intent (*see e.g. Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 44 [1999]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Rosenberger and Williams, JJ.