In the Matter of MANUFACTURERS & TRADERS TRUST COMPANY (Formerly MERCHANTS NATIONAL BANK AND TRUST COMPANY OF SYRACUSE), a Cotrustee of the David Small Trust Under Agreement Dated December 28, 1938, Appellant-Respondent. DAVID SMALL et al., Respondents-Appellants. [839 NYS2d 642]—

Appeal and cross appeal from a decree of the Surrogate's Court, Onondaga County (Peter N. Wells, S.), entered May 2, 2006. The decree determined, inter alia, that EPTL 11-A-4.6 does not require the distribution of an amount equal to the annual fixed appreciation in value of the original issue discount bonds currently owned by the David Small Trust.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs and the decree is modi-

fied on the law by remitting the matter to Surrogate's Court, Onondaga County, for further proceedings in accordance with the memorandum and as modified the decree is affirmed without costs.

Memorandum: Petitioner appeals from that part of a decree determining that "EPTL 11-A-4.6 does not require the distribution of an amount equal to the annual fixed appreciation in value of the original issue discount bonds currently owned by the David Small Trust." That part of the decree does not affect a substantial right of petitioner (*see Matter of Michel*, 12 AD3d 1189, 1190 [2004]; *Matter of Sayers*, 273 App Div 1051 [1948]; *see also* SCPA 2701; CPLR 5701 [a] [2] [v]), and petitioner does not have a direct interest in the outcome of this matter and is not affected by the result (*see Matter of Huggins*, 239 NY 511; *Isham v New York Assn. for Improving Condition of Poor*, 177 NY 218, 222 [1904]; *cf. Matter of Farone*, 101 AD2d 986, 987-988 [1984], *revd on other grounds* 65 NY2d 764 [1985]). We thus dismiss petitioner's appeal inasmuch as petitioner is not an aggrieved party (*see* CPLR 5511; *Matter of Cannan*, 278 App Div 742 [1951]).

We note that the issue raised by respondents on their cross appeal, i.e., that Surrogate's Court erred in determining that the trust instrument requires that $10,000 per year be distributed to each of the six children as the income beneficiaries of the trust, is not encompassed by the notice of cross appeal. Nevertheless, inasmuch as there is no indication on this record that petitioner is prejudiced by that omission, we exercise our discretion "to reach beyond" the scope of respondents' notice of cross appeal and address the merits of that issue (*McSparron v McSparron*, 87 NY2d 275, 282 [1995], *rearg dismissed* 88 NY2d 916 [1996]). "[I]t is a fundamental principle of will and trust construction that[,] where the document in question . . . is clear, it must be enforced as written, without reference to parol evidence with respect to the original intent of the grantor" (*Hemingway v Hemingway Found.*, 193 AD2d 559, 560 [1993]). Contrary to respondents' contention, paragraph FIRST (f) of the trust instrument unambiguously directs that $10,000 must be paid each year to each of David and Florence Small's children, regardless of their age. The word "child" is unambiguous, and resort to parol evidence is not necessary to discern the grantor's intention. While we acknowledge that such distribution will deplete the corpus of the trust, the trust is unambiguous in that respect and the Surrogate therefore properly determined that the provision in the trust applies to each child, regardless of whether they are minors.

Respondents further contend that the Surrogate erred in failing to determine that the trust instrument did not require distribution of an amount equal to the annual fixed appreciation in value of the original issue discount bonds owned by the David Small Trust. Resolution of that contention involves an interpretation of whether the trust instrument at paragraph FIRST (a) requires the distribution of that type of income and, although the petition sought a determination of that issue, the Surrogate in fact never addressed it. We therefore modify the decree by remitting the matter to Surrogate's Court to determine that issue. Present—Hurlbutt, J.P., Gorski, Smith, Lunn and Pine, JJ.