■ NIAGARA FALLS WATER BOARD, Respondent, v CITY OF NIAGARA FALLS, Appellant. [850 NYS2d 753]—

Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, J.), entered January 11, 2007 in a breach of contract action. The order granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to recover certain sums charged by defendant for benefits provided by plaintiff to defendant's former employees who had been assigned to defendant's water, wastewater and stormwater system (water system) and who retired prior to plaintiff's acquisition of the water system. In 2003 the parties and the Niagara Falls Public Water Authority entered into an acquisition agreement and an operation agreement in anticipation of plaintiff's acquisition of the water system. The acquisition agreement provided for the transfer to plaintiff of defendant's "employees who are currently assigned to work at [defendant's] departments of Water and Wastewater (including stormwater personnel)." Pursuant to the operation agreement, defendant agreed, inter alia, to include plaintiff's employees and retirees in its healthcare, dental and life insurance benefit plans, and plaintiff agreed, inter alia, to reimburse defendant for expenses incurred in including plaintiff's employees in those benefit plans. Plaintiff acquired and began operating the water system on September 25, 2003.

Supreme Court properly granted that part of plaintiff's motion seeking partial summary judgment on liability on the first,

second, third, fourth and sixth causes of action, directed defendant to account to plaintiff for all of plaintiff's funds used to pay for healthcare, dental and life insurance benefits provided to defendant's employees who retired prior to September 25, 2003 and granted judgment to plaintiff in the amount determined as the result of the accounting. "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Here, the parties' agreements are clear and complete, and neither agreement indicates that plaintiff agreed to pay for healthcare, dental and life insurance benefits provided to defendant's former employees who retired prior to plaintiff's acquisition of the water system. Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.