■ SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 114716.) [876 NYS2d 182]—

Lahtinen, J. Appeal from an order of the Court of Claims (Collins, J.), entered June 20, 2008, which, among other things, denied claimant's motion for summary judgment.

This is a dispute over the interpretation of the pricing terms provided in a contract for image capture and document repository services. Simply stated, claimant contends that it is entitled to compensation for each image scanned (thus a page with information on the front and back would be two images), whereas defendant maintains that the contract provides payment for each page scanned (regardless of whether the page has information on one or two sides). Defendant's agency, the Office of Temporary and Disability Assistance (hereinafter OTDA), issued a request for proposals (hereinafter RFP) in July 2005 seeking to develop and provide image capture and document repository services for various programs (Medicaid, Home Energy Assistance, Public Assistance, and Food Stamps). Claimant was eventually awarded the contract in March 2006. In July 2007, OTDA rejected claimant's invoices for services on the ground that they "were not prepared in accordance with [its] interpretation of a 'page'." Claimant commenced this action in January 2008 seeking, among other things, over $40,000 in damages. Both parties moved prior to disclosure for summary judgment. The Court of Claims denied both motions. Claimant appeals.

We affirm. " '[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms,' [and] [e]xtrinsic evidence of the parties' intent may not be considered unless a court first finds that the agreement is ambiguous" (*Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008], quoting *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]; *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). Here, article 9 of the contract incorporates into the agreement, among other things, the RFP, appendices, attachments, and exhibits. Claimant points to places in the contractual documents where the terms "page" and "image" appear to be used interchangeably. Defendant counters by noting that, in one of the relevant documents, the parenthetical "one or two sided" appears after the term "Price per Page." As was discussed in some detail by the Court of Claims, the

contractual provisions regarding pricing are not consistent and the intent of the parties cannot be gleaned from the relevant contractual documents without rendering other provisions meaningless (*see Beal Sav. Bank v Sommer*, 8 NY3d at 324). The extrinsic evidence in this record does not provide a basis for discerning the intent of the parties as a matter of law and, accordingly, summary judgment was properly denied (*see CV Holdings, LLC v Artisan Advisors, LLC*, 9 AD3d 654, 657 [2004]).

Claimant's further contention that all ambiguities in the contractual documents should have been construed against OTDA is unpersuasive. The record reflects that these are sophisticated parties and there is evidence that they engaged in negotiations as they worked out some of the details of the contract. Claimant failed to establish that it had "no voice in the selection of [the contractual] language" (*67 Wall St. Co. v Franklin Natl. Bank*, 37 NY2d 245, 249 [1975]; *see Citibank, N.A. v 666 Fifth Ave. Ltd. Partnership*, 2 AD3d 331, 331 [2003]).

Peters, J.P., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.