■ THE HOWARD CARR COMPANIES, INC., Doing Business as THE HOWARD GROUP, Respondent, v TECH VALLEY PLAZA, LLC, Appellant. [902 NYS2d 250]—

Egan Jr., J. Appeal from an order of the Supreme Court (Mc-Namara, J.), entered April 27, 2009 in Albany County, which, among other things, granted plaintiff's cross motion for summary judgment.

In August 2006, defendant retained plaintiff, a real estate brokerage firm, to market, for sale or lease, a 27-acre parcel of real property in Rensselaer County. The exclusive listing agreement signed by both parties identified defendant as the owner of the property and provided for plaintiff to be paid—by the owner—a commission of 5% of the sale price if the property was sold or a fee of $4 per square foot if the property was leased. Although not disclosed in the agreement, defendant was, in fact, not the owner of the property, but was merely the holder of a written option to purchase the property. Thereafter, plaintiff marketed the property resulting in an offer from BT Greenbush, LLC to purchase the property for $5,500,000. In October 2007, this transaction successfully closed and the buyer paid $5,500,000 to obtain the property with $3,552,810 being paid to defendant for its interest and $1,947,190 being paid to the actual owners. Contending that it only owed plaintiff a commission on the money it received, defendant paid plaintiff $108,000.* Plaintiff commenced this action against defendant, contending that it was owed a commission based on $5,500,000, the full sale price of the property.

After joinder of issue, defendant moved for summary judgment seeking dismissal of the complaint. Plaintiff cross-moved for summary judgment. Supreme Court granted plaintiff's cross

---

* Defendant claims that it actually overpaid plaintiff. While 5% of $3,552,810 would indicate a commission due of approximately $177,641, under a further broker cooperation agreement entered into between plaintiff and the Nigro Group, plaintiff agreed that when it received its commission, it would in turn pay to the Nigro Group a 2% commission, thus resulting, according to defendant, in a commission due to plaintiff of $106,584. The broker cooperation agreement was signed on behalf of the Nigro Group by Frank J. Nigro III, who was also the individual who signed the listing agreement on behalf of defendant.

motion finding that, based on the unambiguous terms of the agreement, plaintiff was entitled to an additional $167,000 commission, representing 5% of the full sale price of the property. Defendant now appeals and we affirm.

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Science Applications Intl. Corp. v State of New York*, 60 AD3d 1257, 1258 [2009]). "Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide" (*Greenfield v Philles Records*, 98 NY2d at 569 [citation omitted]). "[I]f the agreement on its face is reasonably susceptible of only one meaning, a court is not free to alter the contract to reflect its personal notions of fairness and equity" (*id.* at 569-570; *see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]).

Here, the terms of the agreement are clear and unambiguous and, as such, the meaning of the contract will be determined from the language employed without consulting extrinsic evidence (*see Parnes v Parnes*, 41 AD3d 934, 936 [2007]). We are unpersuaded by defendant's argument that there is any ambiguity in the term "property," so as to render the agreement unclear as to whether plaintiff's commission was to be based on the full sale price or only those funds flowing to defendant under an allocation of the purchase price devised between defendant and the actual owner. Defendant's claim that it only owes plaintiff a commission on its allocation of the purchase price is belied by the fact that defendant held itself out in the agreement as the owner of the property, which was then immediately described as being "250,000 SF to be built as a shopping center." The agreement clearly set forth that, in return for finding a purchaser or a tenant, defendant would pay plaintiff a 5% commission on the sale price if the property sold or a fee of $4 per square foot if it were leased. The simple fact is that plaintiff procured a willing buyer who, in fact, paid $5,500,000 to purchase the property. As defendant failed to rebut plaintiff's prima facie entitlement to a commission based upon the full sale price of the property (*see Robert Cohn Assoc., Inc. v Kosich*, 63 AD3d 1388, 1389 [2009]), Supreme Court properly granted plaintiff summary judgment.

Defendant's remaining argument, seeking reformation of the agreement, is not preserved for our review (*see Herron v Essex Ins. Co.*, 34 AD3d 913, 914 [2006], *lv dismissed* 8 NY3d 856 [2007]).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.