W. James Camperlino, Appellant, v Town of Manlius Municipal Corporation et al., Respondents, and Benita Rogers et al., Intervenors-Respondents. [911 NYS2d 755]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered March 5, 2009. The judgment, among other things, granted the

cross motions of defendants Town of Manlius Municipal Corporation and Village of Manlius for partial summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that the property he purchased from Allied Chemical Corporation (Allied) located east of Sweet Road in defendant Town of Manlius Municipal Corporation (Town) was not subject to restrictive covenants contained in a 1981 agreement (agreement) between Allied and the Town. That agreement resulted from Allied's application for the creation of a natural resource removal district with respect to property that Allied owned in lots 84, 85, 95, and 96 in the Town. Allied's property in those four lots consisted of approximately 350 acres located both east and west of Sweet Road.

The Town granted Allied's application for the creation of a natural resource removal district upon the condition that Allied would extend its quarrying operation only into lots 84 and 95 and that they would create a 500-foot buffer area on the Seneca Turnpike and Sweet Road sides of the excavation area. All of the property in lot 84 was located west of Sweet Road, as was the excavation area and the 500-foot buffer. In addition, Allied and its successors were not to make any "new or different use" of the "Manlius Lands" after quarrying operations ceased, but they were to leave that property as it was unless they received written approval to do otherwise from the Town Board after a public hearing. The agreement contained restrictive covenants implementing those conditions, and it defined Allied's Manlius Lands in exhibit A. With the exception of one clause referring to "any other real property located on said Lot 96 in the Town of Manlius, now owned by the parties of the first part" (hereafter, disputed clause), all of the property described in exhibit A was located west of Sweet Road.

We reject the contention of plaintiff that Supreme Court erred in denying that part of his motion for summary judgment with respect to his property in lot 96 east of Sweet Road. We note at the outset that the contentions of plaintiff with respect to his motion are not encompassed by the notice of appeal. "Nevertheless, inasmuch as there is no indication on this record that [defendants are] prejudiced by that omission, we exercise our discretion 'to reach beyond' the scope of [the] notice of . . . appeal and address the merits of [those] issue[s]" (*Matter of Manufacturers & Traders Trust Co. [Small]*, 42 AD3d 936, 937 [2007], quoting *McSparron v McSparron*, 87 NY2d 275, 282

[1995]). In support of the motion, plaintiff submitted extrinsic evidence consisting of an opinion letter from his attorney, an affidavit by the surveyors who created a map of the excavation and buffer areas, the research results of a title insurance company indicating that the disputed clause was contained in the deed transferring the property to Allied's predecessor, and an affidavit of Allied's attorney. Those documents support plaintiff's contention that the parties to the agreement never intended the restrictive covenants to include the property east of Sweet Road. We conclude, however, that the disputed clause references property east of Sweet Road and, despite its confusing reference to "parties of the first part," it is not reasonably susceptible of more than one interpretation with respect to the property it described (see *Thompson v McQueeney*, 56 AD3d 1254, 1257 [2008]; see also *Kibler v Gillard Constr., Inc.*, 53 AD3d 1040, 1042 [2008]; *Jellinick v Naples & Assoc.*, 296 AD2d 75, 78 [2002]). Thus, the disputed clause is not ambiguous, and we may not consider plaintiff's extrinsic evidence (see *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Crystal Run Newco, LLC v United Pet Supply, Inc.*, 70 AD3d 1418, 1420 [2010]; *Niagara Falls Water Bd. v City of Niagara Falls*, 48 AD3d 1039 [2008]). "[P]rovisions in a contract are not ambiguous merely because the parties interpret them differently" (*Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352 [1996]).

We reject plaintiff's further contention that the court erred in granting the cross motions of the Town and defendant Village of Manlius (Village) seeking partial summary judgment declaring that all of plaintiff's property in lot 96 is subject to the restrictive covenants. The Town and Village established their entitlement to judgment as a matter of law inasmuch as the disputed clause in exhibit A unambiguously includes such property, and plaintiff failed to raise a triable issue of fact concerning an ambiguity that would warrant consideration of extrinsic evidence to determine the parties' intent (see generally *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

With respect to those parts of the motion of plaintiff concerning its property in lots 85 and 95 east of Sweet Road, we agree with plaintiff that the agreement is susceptible of different interpretations. Exhibit A does not describe any property east of Sweet Road except for the disputed clause, yet the agreement incorporates two Town resolutions describing the Manlius Lands in terms of all 350 acres owned by Allied in the Town. We therefore consider the extrinsic evidence submitted by plaintiff to determine the parties' intent (see *Whitebox Convertible*

*Arbitrage Partners, L.P. v Fairfax Fin. Holdings, Ltd.*, 73 AD3d 448, 451-452 [2010]; *cf. Howard Carr Cos., Inc. v Tech Val. Plaza, LLC*, 74 AD3d 1534 [2010]). That evidence, however, "does not provide a basis for discerning the intent of the parties [to the agreement] as a matter of law" regarding the applicability of the restrictive covenants to plaintiff's property in lots 85 and 95 east of Sweet Road (*Science Applications Intl. Corp. v State of New York*, 60 AD3d 1257, 1259 [2009]). Thus, we conclude that plaintiff has not established his entitlement to judgment as a matter of law and, in any event, the submissions by the Town and the Village raised a triable issue of fact with respect to whether the property in those two lots east of Sweet Road is subject to the restrictive covenants (*see generally Zuckerman*, 49 NY2d at 562). Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.