■ FRANCIS HERBERT et al., as Cotrustees of the JOHN P. BAYLY CREDIT SHELTER TRUST, Appellants, v SCHODACK EXIT TEN, LLC, et al., Respondents. [966 NYS2d 594]—

Lahtinen, J. Appeal from an order of the Supreme Court (McNamara, J.), entered February 28, 2012 in Albany County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

Defendant Schodack Exit Ten, LLC (hereinafter SET) and British American Development Corporation (hereinafter BADC) entered into a joint venture with equal shares of B.A. Capital Corporate Campus, LLC (hereinafter BACCC), which they formed in 2000 to commercially develop a 106-acre parcel owned by SET. BACCC's operating agreement provided that SET would contribute land and improvements, whereas BADC would market and manage the development. The agreement provided a procedure for transferring the property from SET to BACCC, and also included a provision intended to motivate BADC's diligent efforts in that, if no development occurred, then BADC would be required to purchase two acres annually from SET. The development did not proceed as anticipated, resulting in litigation, including an action between BADC and SET that was previously before us (*British Am. Dev. Corp. v Schodack Exit Ten, LLC*, 83 AD3d 1247 [2011]) and the current action involving an internal dispute by members of SET.

One of the original four members of SET was John P. Bayly, who died in 2004. Plaintiffs are trustees of a trust created by Bayly and they brought this action against defendants (SET's other three members, as well as SET) alleging that defendants had violated SET's operating agreement when they authorized

transfer of SET's parcels to BACCC in 2005 without unanimous consent of all members of SET. The sale occurred because SET faced financial shortages as a result of the development not proceeding, together with BADC failing to make annual purchases of SET property. Under such circumstances and in an effort to have BADC share the real property tax burden, defendants authorized SET to transfer its remaining undeveloped property to BACCC. In return, BADC issued promissory notes for a little over $2,700,000.

As is relevant on appeal, plaintiffs contended that, under the terms of SET's operating agreement, such a transfer required unanimous consent of SET's four members. Defendants countered that the consent of three members was sufficient under the operating agreement. Plaintiffs moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion and granted defendants' cross motion, holding that the clear terms of the operating agreement permitted defendants' action with the approval of three members. Plaintiffs appeal.

"It is well settled that a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, 'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms' " (*MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009], quoting *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "Further, a contract should be 'read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose' " (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-325 [2007], quoting *Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003] [citations omitted]). Whether a contract is ambiguous is an issue of law for the courts to decide (*see Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548 [1995]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

The pertinent section of SET's operating agreement provides that "all management decisions affecting [SET] must be approved by at least three (3) [m]embers and all decisions involving commitments in excess of $10,000.00 must be accompanied by three (3) competitive bids, and be approved by the unanimous consent of all [m]embers." In the context of SET's business purpose, defendants' decision to transfer SET property to BACCC and receive BADC's promissory notes clearly fell within the ordinary meaning of a management decision. The issue thus narrows to whether the additional language in the operating

agreement regarding commitments in excess of $10,000 and competitive bids controlled, thereby imposing a requirement of unanimity. The term "commitment" in a business context involves an agreement to do something in the future, "esp[ecially] to assume a financial obligation" (Black's Law Dictionary [9th ed 2009]; *see* Merriam-Webster On-line Dictionary, http:// www.merriam-webster.com/dictionary/commitment [accessed May 9, 2013]). Significantly, the operative language was also tied to a competitive bid requirement further reflecting that such provision was intended to apply to incurring monetary obligations. Nor was this a situation where the property could have been placed on the open market in light of SET's commitment under the BACCC operating agreement. We agree with Supreme Court that the ordinary meaning of the relevant words, considered in the context of the entire agreement, unambiguously authorized defendants' action as a management decision and the unanimity requirement was not implicated under these circumstances. The remaining arguments are academic or unavailing.

Rose, J.P., Spain and Garry, JJ., concur. Ordered that the order is affirmed, with costs.