Garry, J.
Cross appeals from an order of the Supreme Court (Cahill, J.), entered December 20, 2012 in Sullivan County, which, among other things, denied plaintiffs motion for summary judgment.
In 2011, defendant A&J Hometown Oil, Inc. owed approximately $1.3 million to plaintiff pursuant to loans guaranteed by its principal, defendant James A. Arnott Jr., and secured by mortgages and perfected liens on A&J’s business assets. In July 2011, A&J entered into a written agreement (hereinafter the agreement) to sell many of these assets — not including its existing accounts receivable — to defendant Morgan Fuel & Heating Company, Inc. for a purchase price consisting of a lump sum to be paid at closing, followed by monthly installment payments for three years in a specified amount per gallon for fuel oil sold *1091 by Morgan (hereinafter the gallonage fees). Plaintiff agreed to release its lien on the transferred assets provided that it was assigned, among other things, A&J’s right to receive the lump-sum payment, the gallonage fees, and customer payments on the preclosing accounts receivable that Morgan was to collect after the closing. At the August 2011 closing, plaintiff received a check in the amount of the lump sum less certain credits, and Arnott executed a partial assignment from A&J to plaintiff of the lump sum, the gallonage fees and the proceeds of the accounts receivable. The assignment provided, among other things, that A&J would not modify the agreement without plaintiff’s prior written consent. Morgan acknowledged and consented to this assignment by the signature of its president, and also executed an addendum, incorporated into the assignment, in which, as pertinent here, Morgan agreed to pay sums due under the agreement directly to plaintiff, and plaintiff acknowledged its awareness of certain set-off rights permitting Morgan to withhold and reduce sums payable under the agreement.
After the closing, Morgan and A&J discovered that the purchase price had been incorrectly calculated, resulting in an overpayment by Morgan that allegedly represented the value of the preclosing accounts receivable. Accordingly, without plaintiffs knowledge or consent, Morgan and A&J entered into a “Second Amendment Agreement” (hereinafter the modification) providing that Morgan would be reimbursed for the error by reducing the amount of the gallonage fees and by retaining these fees and the proceeds of the accounts receivable until the overpayment was corrected. Plaintiff was further asked to return most of the lump-sum payment, in an amount purportedly representing the miscalculation; it refused to do so.
Plaintiff commenced this action seeking to recover from A&J for outstanding loan payments and from Morgan for payments on the accounts receivable. Morgan answered and asserted counterclaims for conversion and unjust enrichment based on plaintiffs retention of the lump-sum payment and removal of certain funds from A&J’s bank accounts. Thereafter, plaintiff moved for summary judgment, and Morgan cross-moved for, among other things, summary judgment in its favor on the counterclaims and dismissing the complaint against it. Supreme Court denied plaintiff’s motion, finding triable issues of fact, and likewise denied Morgan’s cross motion insofar as it sought relief against plaintiff. Plaintiff appeals and Morgan cross-appeals.
Plaintiff agrees that a calculation error took place that *1092 resulted in an overpayment by Morgan and, further, partially concedes that the agreement permits Morgan to offset the amount of this overpayment against the gallonage fees. However, plaintiff argues — and we agree — that Morgan is not entitled to offset the overpayment against the proceeds of the accounts receivable. An unambiguous contract is to be construed and enforced in accordance with the parties’ intent as discerned from the plain language of the contract itself, and extrinsic evidence may not be considered unless the contract is found to be ambiguous (see Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]; Herbert v Schodack Exit Ten, LLC, 107 AD3d 1119, 1120 [2013]; Science Applications Intl. Corp. v State of New York, 60 AD3d 1257, 1258 [2009]). Here, the agreement and assignment unambiguously provide that the accounts receivable were not included in the conveyance to Morgan, that Morgan acquired no ownership rights, that A&J assigned the accounts receivable to plaintiff, that Morgan knew of this assignment and consented to it, and that Morgan’s only duty in this regard was to collect the proceeds and pay them over to plaintiff. Nothing in the agreement supports Morgan’s argument that, as a result of the error in calculating the purchase price, the lump sum paid to plaintiff at closing should be considered a “prepayment” of the accounts receivable. On the contrary, the agreement makes no connection between the lump sum and the accounts receivable, which constitute entirely distinct payments.[1] Further, the agreement includes an explicit mechanism for correcting any overpayment in the purchase price; this also does not reference the accounts receivable and, instead, specifically provides that such an error is to be corrected by “deducting] any deficiency from the monthly amounts due” — that is, from the gallonage fees.
In light of these unambiguous provisions, the modification that Morgan and A&J later executed was ineffective to alter plaintiffs rights.[2] Plaintiff had a perfected lien on the accounts receivable, which reflected transactions that had been completed before the closing. An assignment of future contract rights does not necessarily preclude a good faith modification, but “[w]ith respect[ ] to performance already completed that creates rights to payment, the assignee owns such rights and cannot lose them *1093 without consent” (9-51 Corbin on Contracts § 51.6 [2010]). Moreover, A&J’s attempt to modify the agreement without prior notice to plaintiff breached its contractual promise not to do so. Morgan indisputably had notice of this promise and of the assignment, and is thus liable to plaintiff for any actions prejudicial to plaintiffs contractual rights; Morgan’s claims that the assignment was modified in good faith and that plaintiff lacks standing to object lack merit (see UCC 9-405 [a]; General Motors Acceptance Corp. v Albany Water Bd., 187 AD2d 894, 895-896 [1992]). Accordingly, plaintiff is entitled to partial summary judgment finding Morgan liable as a matter of law for the proceeds of the preclosing accounts receivable, in an amount that remains to be determined.[3]
Next, although the parties agree that Morgan is entitled to correct the overpayment by withholding gallonage fees, they disagree as to whether these fees should be calculated according to the rate specified in the agreement or the reduced rate set out in the modification. Our determination that the modification without prior notice to plaintiff was a breach of contract and was therefore ineffective to alter plaintiff’s rights as assignee necessarily requires that the amount of any gallonage fees due to plaintiff be calculated at the original rate. Finally, Supreme Court correctly denied Morgan’s cross motion for summary judgment on its counterclaims for unjust enrichment and conversion. Morgan did not meet its prima facie burden of establishing that it was entitled to sums that plaintiff allegedly “swept” from A&J’s bank accounts by producing admissible evidence substantiating its claims that the deposits into these accounts came from funds to which Morgan was entitled or, if so, in what amounts (see generally CPLR 3212 [b]; Repeti v McDonald’s Corp., 49 AD3d 1089, 1090-1091 [2008]). Resolution of the counterclaims must await further development.
McCarthy, J.E, Rose and Egan Jr., JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff’s motion for summary judgment holding defendant Morgan Fuel & Heating Company, Inc. liable to plaintiff for sums it received as the proceeds of defendant A&J Hometown Oil, Inc.’s preclosing accounts receivable and for sums due to plaintiff, if any, for gallonage fees, calculated as determined herein; motion granted to that extent, partial summary judgment awarded to plaintiff and matter remitted to *1094 the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. The purchase price is defined as the lump sum plus the gallonage fees, without any reference to the accounts receivable. The accounts receivable are separately discussed in a different provision, which specifically states that they are not being conveyed.

. Contrary to Morgan’s argument, plaintiff did not fail to preserve its claims related to the validity of the modification; this issue was raised in the pleadings and in the motion papers before Supreme Court.

. Morgan allegedly conceded that it had collected approximately $150,000 in preclosing accounts receivable as of August 2012, but the record does not permit determination of the amount due.