GEM Holdco, LLC, Appellant-Respondent, v Changing World Technologies, L.P., et al., Defendants, and CWT Canada II Limited Partnership et al., Respondents-Appellants. [8 NYS3d 119]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered December 31, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss as to the second, third and fourth causes of action of the amended complaint, denied defendants' motion to dismiss as to the sixth and eighth causes of action, and granted plaintiff's cross motion for leave to amend the amended complaint to add GEM Ventures, Ltd. as a plaintiff on the eighth cause of action, unanimously modified, on the law, to deny defendants' motion to dismiss as to the second and third causes of action, and otherwise affirmed, without costs.

In the second cause of action, plaintiff alleges that the removal of nonparty RES Management, Inc. (RES) as the general partner of defendant Changing World Technologies, L.P. (CWT) constituted a breach of a limited partnership agreement (LPA) by defendants CWT Canada II Limited Partnership, Resource Recovery Corporation, and Jean Noelting (collectively the CWT defendants). The CWT defendants assert that the fifth sentence of the disputed section of the LPA gives a majority of the partners of CWT an absolute and unfettered right to remove RES at any time. However, as plaintiff counters, the CWT defendants' interpretation would seem to render meaningless the second sentence of the disputed section, which provides that the general partner "shall" serve in that role until it resigns and a successor is designated by a majority of the partners, or until the filing of a certificate of cancellation of the partnership (see Estate of Osborn v Kemp, 991 A2d 1153, 1159 [Del Sup Ct 2010] [a court shall read a contract as a whole and "give each provision and term effect, so as not to render any part of the contract mere surplusage" or "meaningless" (internal quotation marks omitted)]). As plaintiff argues, the second sentence can be reasonably read to apply to the initial general partner named in the LPA (that is, RES), while the fifth sentence applies to a general partner that is thereafter "selected" by a majority of the partners and may also "be removed and replaced" by the majority. Since neither party's interpretation is clearly correct as a matter of law, the agreement is ambiguous and the court may consider extrinsic evidence, such as the other

contracts entered into by the parties at the same time as the LPA, to interpret the intent of the parties (*see Galantino v Baffone*, 46 A3d 1076, 1081 [Del Sup Ct 2012]). Those other contracts support plaintiff's interpretation, since they contemplated that RES would continue as general partner until at least April 30, 2013. Accordingly, the CWT defendants were not entitled to dismissal of the second cause of action.

We reject the CWT defendants' assertion that plaintiff cannot rely on the LPA because it had materially breached the parties' stockholders agreement by failing to comply with a demand for capital in March 2013. The CWT defendants' argument depends on affidavits and documents that are not properly considered on a motion to dismiss pursuant to CPLR 3211 (a) (7) and do not conclusively establish a defense based on documentary evidence pursuant to CPLR 3211 (a) (1).

Plaintiff's third cause of action, alleging that the CWT defendants breached the implied covenant of good faith and fair dealing in the LPA by purporting to remove RES as general partner during the investment period, is adequately pleaded. Although the disputed provision of the LPA addresses the issue of removal of a general partner, plaintiff alleges that there is an implied provision in the LPA that RES would continue as general partner until at least April 30, 2013, as contemplated in the parties' stockholders agreement and securities purchase agreement (SPA) (*see Renco Group, Inc. v MacAndrews AMG Holdings LLC*, 2015 WL 394011, *6, 2015 Del Ch LEXIS 25, *21 [Jan. 29, 2015, No. 7668-VCN]).

The court correctly dismissed the fourth cause of action, which alleges that the CWT defendants breached the implied covenant of good faith and fair dealing in the parties' stockholders agreement. Defendants' alleged conduct of removing RES as general partner did not breach an express or implied provision of the stockholders agreement.

The court correctly denied defendants' motion to dismiss the sixth cause of action, which alleges that the CWT defendants tortiously interfered with the SPA, and the eighth cause of action, which alleges that the CWT defendants tortiously interfered with a nondisclosure and noncircumvention agreement (NDA). Plaintiff alleges all of the elements of a tortious interference claim (*see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]). The CWT defendants' defense that they acted to protect their own legal or financial stake in the breaching party's (CWT's) business since plaintiff had left CWT in grave financial condition is unavailing, because it depends on affidavits and documents outside of the

complaint and it raises issues that cannot be determined at this stage of the proceedings. It also contradicts the complaint's allegations that plaintiff had improved CWT's financial condition.

The court properly granted plaintiff's cross motion to allow plaintiff to amend the complaint to add GEM Ventures as a party on the tortious interference claim involving the NDA, since GEM Ventures, not plaintiff, is a party to the NDA (*see* CPLR 3025 [b]). Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.