■ LePATNER & ASSOCIATES, LLP, Appellant, v JOSEPH JAFFE, Respondent. [28 NYS3d 32]—

Judgment, Supreme Court, New York County (Nancy Ban-

non, J.), entered July 13, 2015, dismissing the complaint, awarding defendant judgment of his counterclaim, and, to the extent appealed from as limited by the briefs, bringing up for review so much of an order, same court and Justice, entered on or about May 27, 2015, which granted defendant's cross motion for summary judgment dismissing the complaint and for summary judgment on his counterclaim for unpaid compensation, and denied plaintiff's motion for leave to amend the complaint to add a claim for breach of fiduciary duty, unanimously reversed, on the law, without costs, defendant's motion for summary judgment dismissing plaintiff's claim for defendant's pro rata share of rent for office space and for summary judgment on his unpaid compensation counterclaim denied, and, upon a search of the record, plaintiff is granted summary judgment dismissing that counterclaim.

The motion court erred in granting defendant summary judgment dismissing plaintiff's claim for defendant's share of rent. The agreement between the parties contained two contradictory statements, rendering it ambiguous. Even when considering extrinsic evidence, there is still an issue of fact as to what the parties intended when they entered into the agreement (*see GEM Holdco, LLC v Changing World Tech., L.P.*, 127 AD3d 598, 598-599 [1st Dept 2015]). Where, as here, plaintiff is a law firm and defendant is an experienced attorney, and the record demonstrates that both parties had a voice in the selection of the language in the agreement, the terms should not be construed against plaintiff, the drafter (*Citibank, N.A. v 666 Fifth Ave. Ltd. Partnership*, 2 AD3d 331, 331 [1st Dept 2003]).

Defendant waived enforcement of the salary provision of the parties' agreement by continuing to work for plaintiff for seven months after the reduction of his salary (*Taylor v Blaylock & Partners*, 240 AD2d 289, 290 [1st Dept 1997]).

The motion court correctly granted defendant's motion for summary judgment dismissing plaintiff's second cause of action, purportedly for breach of fiduciary duty, and properly denied plaintiff leave to amend that claim. Aside from defendant's title and the fact that he apparently received a K-1, rather than a W-2, plaintiff was unable to provide any other evidence supporting its position that defendant was a partner in plaintiff law firm (*see Brodsky v Stadlen*, 138 AD2d 662, 663 [2d Dept 1988]). Accordingly, defendant did not owe plaintiff a fiduciary duty. Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.