Unicorn Constr. Enters., Inc. v City of New York (2018 NY Slip Op 07928)





Unicorn Constr. Enters., Inc. v City of New York


2018 NY Slip Op 07928


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7624 162714/15

[*1]Unicorn Construction Enterprises, Inc., Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Goetz Fitzpatrick LLP, New York (Donald J. Carbone of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered June 13, 2017, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, to deny the dismissal of the complaint with regards to the West 148th Street Pedestrian Bridge and the Inwood Hill Park Pedestrian Bridge, and otherwise affirmed, without costs.
Plaintiff Unicorn Construction Company contracted with defendant City of New York in 2007 to rehabilitate 12 City bridges. The complaint contains causes of action for breach of contract and quantum meruit.
As an initial matter, the court properly considered documentary evidence submitted by the City on its motion to dismiss pursuant to CPLR 3211(a)(7), including the municipal contract, certificates of substantial completion, and extension requests, and correctly concluded that plaintiff has no cause of action (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 135 [1st Dept 2014]).
Plaintiff argues that the City never issued a substantial completion certificate for all the work under the contract, and thus the time limitations on plaintiff's claims were never triggered. Plaintiff cites to the contract's definition of "Work" at Article 2.1.33, contending that it encompasses all work required to complete the project, and thus, the City was obligated to issue a certificate of substantial completion only after all 12 bridges were substantially completed. Since the City failed to do so, plaintiff posits, the time requirements for filing a claim were never triggered.
The City admits that it did not issue a certificate of substantial completion once all the 12 bridges were completed. It argues that under the contract it was not required to issue a certificate of completion for all 12 bridges. It notes that plaintiff's actions and communications, including its requests for payment, comported with the City's method of considering the progress of each bridge individually and issuing certificates as the work on each bridge was substantially completed.
By a time extension request dated July 22, 2014, plaintiff acknowledged that the work on 10 bridges was complete and an extension was needed on two pedestrian bridges, West 148th Street Pedestrian Bridge and Inwood Hill Park Pedestrian Bridge. Pursuant to Article 13.8.2(c) of the contract, to request such an extension, plaintiff was required to make a "statement that the Contractor waives all claims except for those delineated in the application, and the particulars of any claims which the Contractor does not agree to waive." Plaintiff complied with this provision and stated that "we agree to and hereby waive and release any and all claims . . . except the items of claim which we hereby reserve . . . [and] reserve[] the right to file a claim for all incomplete bridges including but not limited to price escalation and extended overhead." Accordingly, as to the 10 completed bridges, plaintiff expressly waived all its claims in the July 22, 2014 time extension request.
However, with respect to the claims as to the two aforementioned pedestrian bridges, we [*2]find that looking solely to the plain language used by the parties within the four corners of the contract, there is an ambiguity in the interpretation of the contract that cannot be resolved on a CPLR 3211 motion to dismiss (see Telerep, LLC v U.S. Intl. Media LLC, 74 AD3d 401, 402 [1st Dept 2010]).
On August 20, 2014, the City issued certificates of substantial completion for the two pedestrian bridges. There remains an issue of fact as to whether Article 2.1.33 and Article 44 require the City to submit a certificate of substantial completion after "the Work" had been performed on all 12 bridges or whether the parties' course of conduct demonstrated that there would be separate certificates of substantial completion issued for each bridge (see Citibank, N.A. v 666 Fifth Ave. Ltd. Partnership, 2 AD3d 331, 332 [1st Dept 2003]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK