Kozminski v Kozminski (2019 NY Slip Op 00768)





Kozminski v Kozminski


2019 NY Slip Op 00768


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1227 CA 18-00737

[*1]MICHELE KOZMINSKI, NOW KNOWN AS MICHELE KIBLING, PLAINTIFF-RESPONDENT,
v
GEORGE A. KOZMINSKI, DEFENDANT-APPELLANT. 






LEVITT & GORDON, ESQS., NEW HARTFORD (DEAN L. GORDON OF COUNSEL), FOR DEFENDANT-APPELLANT.


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered October 23, 2017. The order, inter alia, determined that defendant is responsible for the undergraduate expenses incurred by the eldest daughter of the parties. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The parties were divorced in 2011. Plaintiff wife thereafter moved for, inter alia, an order interpreting the parties' divorce settlement agreement with respect to their respective responsibilities for their eldest daughter's educational expenses. After a hearing, Supreme Court determined that the agreement obligated defendant husband to pay all of the eldest daughter's undergraduate and graduate expenses, except for certain loans that plaintiff took out in her own name. Consequently, the court ordered defendant to pay the eldest daughter's outstanding undergraduate debt, which amounted to $57,418.96. Defendant appeals, and we now affirm.
The disputed portion of the agreement provides that defendant "will pay 100% of the . . . tuition, room, board and books for both children until they complete the degree they are currently in and so long as they are in a full time program or until such time as they reach the age of [25] years, which ever comes first." At the time of the agreement's execution, the eldest daughter had completed her undergraduate degree and was enrolled in a graduate program. We reject defendant's contention that the agreement's language obligated him to pay only for the eldest daughter's graduate program, not her outstanding undergraduate debt. As the court properly concluded, the plain language of the agreement reflects defendant's undertaking to pay for all — i.e., "100%" — of his children's educational expenses through and including — i.e., "until" — the completion of the program in which they were "currently" enrolled. Such expenses necessarily include the undergraduate debt incurred by the eldest daughter (see Matter of Yorke v Yorke, 83 AD3d 951, 952 [2d Dept 2011]; Matter of Kent v Kent, 29 AD3d 123, 134 [1st Dept 2006]).
Contrary to defendant's contention, the court's interpretation of the agreement does not render superfluous the "complete the degree they are currently enrolled in" language. Such language sets an outer limit on defendant's obligation to pay for educational expenses, i.e., defendant need not pay for any educational expenses incurred after the completion of the respective child's current degree program. This language does not, however, limit defendant's obligation to pay for any educational expenses incurred by the children before the completion of their current degree program. Nor, contrary to defendant's further contention, is the court's interpretation of the disputed provision in any way inconsistent with a separate provision of the settlement agreement by which plaintiff is responsible for any post-divorce loans taken out in her own name. Indeed, the court did not order defendant to pay for or reimburse plaintiff for any post-divorce loans taken out in her own name in contravention of the separate provision of the agreement.
Finally, while it is an "established principle of contract law that any ambiguity or dual meaning attributable to the words of a contract should be interpreted most strictly against the drafter" (Dimino v Dimino, 91 AD2d 1185, 1185 [4th Dept 1983], appeal dismissed 59 NY2d 968 [1983]), here, plaintiff's attorney testified without contradiction that the disputed language "came from" defendant. Thus, inasmuch as defendant had a "voice in the selection of [the contractual] language" (67 Wall St. Co. v Franklin Natl. Bank, 37 NY2d 245, 249 [1975]), there is no basis to construe any ambiguity in that language against plaintiff (see Science Applications Intl. Corp. v State of New York, 60 AD3d 1257, 1259 [3d Dept 2009]; Citibank, N.A. v 666 Fifth Ave. Ltd. Partnership, 2 AD3d 331, 331 [1st Dept 2003]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court