Bumble Trading Inc. v L&L NY 5, Inc. (2022 NY Slip Op 04116)

Bumble Trading Inc. v L&L NY 5, Inc.

2022 NY Slip Op 04116

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 650340/20 Appeal No. 16223 Case No. 2021-04390, 2022-00625 

[*1]Bumble Trading Inc., Plaintiff-Respondent,
v
L&L NY 5, Inc. Doing Business as Miss Paradis, Defendant-Appellant.

Fox Rothschild LLP, New York (Alexandra L. Sobol of counsel), for appellant.
Hughes Hubbard & Reed LLP, New York (Fara Tabatabai of counsel), for respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered October 26, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment, unanimously affirmed, with costs.
In March 2019, plaintiff identified a space located at 259 Mulberry Street in Manhattan where it intended to open a wine bar. On April 8, 2019, plaintiff signed a proposed sublease with defendant, the tenant of the premises, and wired a security deposit and first month's rent. Defendant countersigned the proposed sublease on April 19, 2019. The proposed sublease incorporated provisions of the main lease, which provided that the sublease required the prior written approval of the landlord and that the failure to approve or disapprove within 30 days would be deemed an approval. Prior to the expiration of the 30-day period, the landlord informed defendant that it was unable to approve the proposed sublease because the request for approval did not include all the necessary information. Defendant did not provide the requisite information within the 30-day deadline. On June 4, 2019, plaintiff notified defendant that it was exercising its right to terminate the proposed sublease. On October 16, 2019, nearly six months after the deadline, defendant sent plaintiff a letter announcing the commencement of the sublease.
The court properly rejected defendant's contention that plaintiff unjustifiably terminated the lease and that the landlord was not required to approve the proposed sublease within 30 days. To the extent the lease and proposed sublease were ambiguous as to whether the 30-day deadline period applied when the landlord requested more information, the extrinsic evidence, including the parties' emails, establish that the parties intended that the landlord approve or disapprove the proposed sublease within 30 days. That evidence resolved any ambiguity as to the lease and proposed sublease's meaning (see GEM Holdco, LLC v Changing World Tech., L.P., 127 AD3d 598, 598-599 [1st Dept 2015]; Jamie Towers Hous. Co., 294 AD2d 268, 271 [1st Dept 2002]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022